112  181
113  336

### STUDLEY *v.* ANN ARBOR SAVINGS BANK.

1. Bill in Aid of Execution—Officer's Return—Release of Levy.

   A bill in aid of execution will not lie where the officer has, by his return, placed the writ beyond his control; the effect of such return being to terminate the lien of the levy.

2. Fixtures—Mortgages—Intent.

   Machinery attached permanently to the realty, and intended to be used with the premises, and included in a real-estate mortgage on the land, will be treated as fixtures covered by such mortgage, although a chattel mortgage is given thereon at the same time to insure against any possible contingency that such machinery might be held to be personal property.

Appeal from Benzie; Aldrich, J.   Submitted February 2, 1897.   Decided March 23, 1897.

Bill by Elbridge G. Studley and another against the Ann Arbor Savings Bank, the Crane Manufacturing Company, and others, in aid of execution.   From a decree dismissing the bill, complainants appeal.   Affirmed.

*C. O. Smedley* (*Benn M. Corwin*, of counsel), for complainants.

*Thompson & Harriman*, for defendant Ann Arbor Savings Bank.

MONTGOMERY, J. This is an appeal from a decree of the circuit court for the county of Benzie, in chancery. The complainants, in their bill, allege that the Crane Manufacturing Company is the owner of the following real estate and personal property, to wit: "All of block 24, and lot 3 and the south ½ of lot 4 of block 18, of the village of Frankfort City, according to the recorded plat thereof, in the county of Benzie and State of Michigan; * * * dry kiln, planing machines, matching machines, blowers, shafting, gearing, belting, hangers, pulleys, engines, boilers, pumps, drying apparatus, purchased from the B. F. Sturtevant Company; two planers purchased from the S. A. Wood Machine Company,—all of said personal property being situate in the township of Gilmore, Benzie county, Michigan;" that the last-named property, namely, the dry kiln, planing machines, etc., is personal property; that, on the 8th of June, 1893, the Crane Manufacturing Company gave to the defendant bank a pretended mortgage of $10,000, which was recorded on the 6th of July, 1893, and which, it appears by the proofs, covered all of the property described. The bill further alleges that on the same date a pretended chattel mortgage upon the property which is above described as personal property was given by the Crane Manufacturing Company to the defendant bank in the same sum. The bill proceeds to allege that complainants were creditors of the Crane Manufacturing Company, and that this chattel mortgage was not recorded until the 20th of December, 1893. The bill further alleges that goods were sold by the complainants to the Crane Manufacturing Company from the month of May to October, 1893; that on the 12th of December, 1893, complainants accepted a note of the Crane Manufacturing Company, in payment of their claim against them

for these goods, and that at the time they accepted said note they had no knowledge of the existence of the chattel mortgage executed by the Crane Manufacturing Company, but that the same was placed on record eight days later. The bill further alleges that judgment was obtained by complainants upon this note on the 13th of July, 1894; that execution issued, returnable on the 14th of August, 1894; and that on the 15th of August, 1894, a return to the execution was made by the sheriff, in the following form:

"STATE OF MICHIGAN, ⎫ ss.
    County of Benzie,    ⎭

"By virtue of the annexed writ to me directed, I have levied upon the following real estate belonging to the said defendant, viz.:   All of block 24, and lot 3 and south ½ of lot 4, block 18, of the village of Frankfort City, Benzie county, Michigan.   I further return that I have not sold the same, because it is incumbered by a pretended real-estate mortgage of $10,000, given by said defendant to the Ann Arbor Savings Bank, of Ann Arbor, Michigan.

"I further return that, by virtue of the annexed writ, I have levied upon the following personal property belonging to said defendant, viz.:   Dry kiln, planing machines, matching machines, blowers, shafting, gearing, belting, hangers, pulleys, engines, boilers, pumps, drying apparatus, purchased from the B. F. Sturtevant Company; two planers, purchased from the S. A. Wood Machine Company,—all of which personal property is situate in the township of Gilmore, Benzie county, Michigan.   I further return that I have not sold the same, because it is incumbered by a pretended chattel mortgage of $10,000, given by said defendant to the Ann Arbor Savings Bank, of Ann Arbor, Michigan.

"Therefore I cannot have the money before the said circuit court for the county of Benzie at the day in said writ contained, as therein I am commanded.

"Dated this 14th day of August, 1894.

"The answer of JOHN L. CHANDLER, Sheriff."

It is then alleged that the defendant bank has noticed foreclosure proceedings on its real-estate mortgage, and the bill prays an injunction to restrain this proceeding on the part of the bank, and that both the real-estate and

chattel mortgages be set aside, and that complainants be authorized to proceed under their writ of *fieri facias* upon said judgment.

In the answer and by the proofs it appears that the Crane Manufacturing Company executed the two mortgages in question simultaneously, as security for a loan of $10,000; that the fixtures were named in both mortgages; that they, as well as the real estate, belonged to the Crane Manufacturing Company; that they had been attached permanently to the premises, and were intended to be used with the premises. It also appears that the chattel mortgage was given to cover any contingency as to the character of the machinery being real estate or not.

It is contended by the defendant bank that the complainants do not make a case by their bill. The answer prays the benefit of a demurrer. The complainants, on the other hand, contend that the answer of the defendant does not assert that the property described in the chattel mortgage was a part of the real estate. It does not appear whether these points in regard to the pleadings were made in the trial court, but it does appear that the circuit judge determined the question involved on the merits, and we prefer to take the same course here, inasmuch as the conclusions we have reached accord with those of the circuit judge. Technically, the complainants' bill is imperfect. It will be noticed that the return of the officer placed the writ beyond his control, and the better rule would appear to be that this terminated the lien of the levy which had been made. See 1 Freem. Ex'ns, § 202, and the cases cited. Our statute does not contemplate the return of an execution after levy, and the issue of another writ directing sale. On the other hand, where the officer is unable to complete the service before the return day, the statute provides that he may proceed thereafter under the same writ. 2 How. Stat. § 7696. It follows, then, that the complainants have not brought themselves under the rule authorizing a bill in aid of execution, as a levy should precede the filing of such a bill. Nor have they, on the other

hand, averred the return of an execution unsatisfied for want of property upon which to make a levy, as it does not appear by the return but that the Crane Manufacturing Company had other property upon which a levy might have been made.. The bill was therefore defective. 2 How. Stat. § 6614. This being the case, the complainants are not in position to complain of the imperfect pleading on the part of the defense, not amounting to an estoppel.

On the merits of the case, we are satisfied that this property was real property, and covered by the real-estate mortgage. See *Smith* v. *Blake*, 96 Mich. 542; *Jones* v. *Chair Co.*, 38 Mich. 92. It is undoubtedly true that the question of whether the parties intended that these fixtures should be permanently annexed to the realty is a question of fact, and that the giving of a chattel mortgage, standing by itself, is some evidence of an intent that they should not be permanently annexed. See *Manwaring* v. *Jenison*, 61 Mich. 117; *Corcoran* v. *Webster*, 50 Wis. 125; *Burrill* v. *Lumber Co.*, 65 Mich. 571, 575. But, on the other hand, it is not conclusive evidence of such intention, for, if the giving of the security upon the property in the one character or the other might be treated as evidence of the intention, it might with equal force be urged that the giving of the real-estate mortgage gave the property the character of realty; and we have recently held that the giving of a chattel mortgage concurrently with a real-estate mortgage, as in this case, for the purpose of insuring against a possible contingency, does not conclusively fix its character as personal property. See *Miles* v. *McNaughton*, 111 Mich. 350.

Having reached the conclusion that this property was fully covered by the real-estate mortgage, and it appearing that the mortgage was recorded on the 6th of July, 1893, and long before the complainants extended the time for the payment of their claim, it follows that the defendant bank was entitled to foreclose this mortgage, and that, even had the complainants acquired a lien upon the

property, they would not be in position to complain. The decree of the court below determined that the defendant's mortgage upon the real estate covered these fixtures, and that decree is affirmed.

The other Justices concurred.