113 333<br>£113 337

## CAMPBELL *v.* WESTERN ELECTRIC CO.[1]

1. RES JUDICATA—PARTIES—SUPPLEMENTAL PROCEEDINGS.
   A decision on the hearing of a suit in equity, that the complainants are proper parties to the bill, renders the question *res judicata* in a supplemental proceeding by them in aid of execution based upon the decree in such suit.

2. EXECUTION—EXEMPTIONS—PROPERTY DEVOTED TO PUBLIC USE.
   The interest of a corporation in an electric plant, erected for the use of a city under a contract which has been declared void in a suit by taxpayers of the city for an accounting as to the moneys received thereunder, is not exempt from sale on execution issued upon the decree obtained in such suit, on the ground that such plant is devoted to public use.

Appeal from Wayne; Donovan, J.   Submitted April 8, 1897.   Decided June 7, 1897.

[1] Rehearing denied July 16, 1897.

Bill in aid of execution by William Campbell and others against the Western Electric Company, impleaded with the city of Wyandotte. Defendant appeals from an order overruling its demurrer to the bill. Affirmed.

*Conely & Taylor*, for complainants.

*Charles W. Casgrain*, for defendant.

MONTGOMERY, J. Complainants, who are residents and citizens and taxpayers in the city of Wyandotte, filed their bill to have a contract made between the city and the Western Electric Company declared invalid, and to require that the moneys paid by the city to the Western Electric Company, amounting to $5,968, be repaid into the city treasury, and that no more money be paid to the electric company upon the contract. Upon the final submission of the case in this court, a decree in accordance with the prayer of the bill was entered. See *Campbell* v. *City of Wyandotte*, 105 Mich. 1. The Western Electric Company did not comply with the terms of the decree, and, on motion of complainants, and upon order of the court, a writ of *fieri facias* was issued, placed in the hands of the sheriff, and levied upon the plant, which had been delivered under the contract between the city and the Western Electric Company. This levy was perfected. The Western Electric Company continues to claim that the plant belongs to the city of Wyandotte. The bill sets out that—

"The defendant the city of Wyandotte has no right, title, interest, or claim in, to, or upon the machinery and apparatus aforesaid, unless it has some sort of a claim of an equitable nature for moneys expended in making a few additions which may have been required or may have appeared necessary in using such machinery and apparatus since the same came into the possession of the defendant the city of Wyandotte, and some claim of an equitable nature upon said machinery and apparatus as security for the repayment of the moneys so as aforesaid paid by the city of Wyandotte to the Western Electric Company."

This bill is filed to have the rights of the respective defendants determined, and the rights of the city of Wyandotte in or to the property upon which the levy has been made defined, and asks that the property be sold, and the purchaser thereof given an absolute title, and the proceeds applied in satisfaction of the amounts due upon the decree and writ of execution, and that, if it be determined that the city of Wyandotte has an equitable lien upon the property, the proceeds of the property be used, so far as may be equitable and just, in the satisfaction and extinguishment of such lien. To the bill setting out these facts, the defendant the Western Electric Company demurred, on the grounds:

1. That the complainants do not appear to have any such interest in the matter as entitled them to bring their bill of complaint.

2. That it does not appear by the allegations contained in complainants' bill that they would be, either individually or collectively, injured by the action complained of in an amount sufficient to confer jurisdiction upon the court to hear and pass upon the matter.

3. The general ground that they have not made or stated a case entitling them to relief.

This demurrer was overruled, and from this order an appeal is taken by defendant.

As to the contention that the complainants have not shown themselves to have an interest in the decree, we think the ruling of the court on the hearing in the former case is *res judicata.* This proceeding is supplemental to that case. It was held that the complainants were proper parties to that proceeding, and, the court having taken jurisdiction of the matter, and based a decree upon a bill filed by these complainants, it would follow that they have the right to take proper proceedings for the enforcement of that decree.

The contention that the complainants have not shown themselves concerned in the matter in dispute to the extent of $100 is subject to the same considerations; and it may be added that it does not appear upon the face of the

bill that the amount in controversy is less than $100. See *Bay City Bridge Co.* v. *Van Etten*, 36 Mich. 210. On the contrary, it does appear that costs were taxed in favor of complainants in the sum of $249.70.

It is further urged that, as an execution will not lie against a municipal corporation, on grounds of public policy, it should follow that the interest of a municipal corporation in property used for public purposes should not be held subject to levy and sale on execution, even under the circumstances of this case. It is said that the plant is charged with public uses, and it is essential, for reasons of public necessity, that these uses be not diverted or destroyed. But we think it would be carrying the rule of protection of property devoted to public use too far to hold that under the circumstances of this case the real interests of the Western Electric Company in this property cannot be subjected to a sale. To so hold would be, in effect, to hold that the court is powerless to carry into effect its own decrees. Indeed, the reluctance to observe the decree of the court is made altogether too manifest on this record.

An additional ground of error has been suggested in a supplemental brief, namely, that the bill fails to set up the return of the sheriff, and that there is no averment of a return of an execution unsatisfied for want of property upon which to make a levy. Counsel cites the case of *Studley* v. *Ann Arbor Savings Bank*, 112 Mich. 181. But this case is clearly distinguishable from that. The bill in this case does aver that a levy was made upon the property, and perfected, so far as the situation of the property permitted. This is not a judgment creditors' bill, but a bill in aid of execution.

The order overruling the demurrer is affirmed, and the case remanded. Complainants will recover costs.

The other Justices concurred.