## LESLIE *v.* CITY OF GRAND RAPIDS.

Highways—Maintenance—Care Required—Bicycles.

Reasonable care in the construction and maintenance of highways for ordinary vehicles, such as wagons and carriages, is the measure of duty resting upon municipalities and townships under the existing statute (3 How. Stat. § 1446c *et seq.*), and, in the absence of further legislation, the courts will not extend the duty so as to require the highways to be kept safe for bicycles and vehicles of like character.

Error to superior court of Grand Rapids; Burlingame, J. Submitted February 8, 1899. Decided April 18, 1899.

Case by Mary A. Leslie against the city of Grand Rapids for personal injuries. From a judgment for defendant, plaintiff brings error. Affirmed

*Taylor & Eddy*, for appellant.

*Henry J. Felker*, City Attorney, for appellee.

Long, J. This action was brought to recover damages for personal injuries sustained by plaintiff, who was thrown from her bicycle, on the evening of November 26, 1897, in consequence of the defective condition of the asphalt pavement on Canal street, in defendant city. That street was paved with asphalt covering, from 2 to 3 inches in thickness. The break in the pavement into which the plaintiff rode with her wheel was about $2\frac{1}{2}$ feet by 2 feet in extent, and from 2 to $2\frac{1}{2}$ inches deep. The asphalt had been worn away down to the concrete by the passage of teams over it. It is one of the most used streets in the city, hundreds of teams passing over it daily. The asphalt was worn in several other places, as well. These holes or broken places had existed for 60 days or more previous to the accident, so that the real controversy

arises over the question whether the city was bound, under the statute, to keep its streets in a reasonably safe condition and fit for vehicles of that character to pass over them. It appears, without contradiction, that the street was in reasonably safe and fit condition for ordinary vehicles, such as wagons and carriages.

It has been held in this State, and in others, that a bicycle is a vehicle; but the question has never before been presented in this State whether, under this statute, the streets must be kept in a reasonably safe condition for this class of vehicles. When the amendment to the statute was passed in 1887 (3 How. Stat. § 1446c et seq.), this class of vehicles was in use only to a limited extent, and we do not think the legislature had this class of vehicles in mind, or intended to place the burden upon townships and cities to keep their roads and streets in a safe condition for them. Reasonable care in the construction and maintenance of highways for ordinary vehicles, such as wagons and carriages, is the measure of duty resting upon municipalities. In *Sutphen* v. *Town of North Hempstead*, 80 Hun, 409, the court said:

"It is apparent that a bicycle rider upon an ordinary country road is exposed to greater dangers than a person riding in a wagon, and the great increase in the number of persons using these vehicles has created a demand for better and safer roads; but, under the present highway laws, a road in a condition which is reasonably safe for general and ordinary travel is all that the commissioners of highways are bound to maintain."

Our statute makes no distinction between country roads and streets in cities and villages. If a highway in the country is not kept in a reasonably safe and fit condition for public travel, the liability for injuries attaches, and the same statute imposes upon cities and villages a like burden. The testimony in the present case is conclusive that, while hundreds of ordinary vehicles passed and repassed over this street daily, no accidents or injuries occurred. There is no question but that the street was

reasonably safe and fit for that kind of travel; and that is all the statute requires. If the statute ought to be extended to cover vehicles of the bicycle class, that question must be addressed to the legislature, and not to the courts.

The court below should have directed the verdict in favor of the defendant; therefore it is unnecessary to discuss the various assignments of error set out by counsel for plaintiff. The jury found in favor of the defendant. That judgment must be affirmed.

GRANT, C. J., MONTGOMERY and MOORE, JJ., concurred. HOOKER, J., did not sit.