## LEE *v.* CITY OF PORT HURON.

$\overline{128}$  $\overline{533}$
137  275

1. BICYCLES—STATUS.

   While a bicycle is a vehicle, it is not to be classed, in all its methods of use, with vehicles propelled by animal or mechanical power. [1]

2. SAME—USE ON SIDEWALKS.

   The riding of a bicycle upon a sidewalk is not an unlawful act at the common law.

3. SAME—AUTHORITY OF MUNICIPALITY.

   A municipal corporation, vested by its charter with general control over the streets and sidewalks, has authority to permit and regulate the use of the walks by bicyclists.

4. SAME—LIABILITY FOR INJURIES TO RIDER.

   The statutory requirement that municipalities keep their sidewalks in a condition reasonably safe and fit for travel has reference only to the ordinary uses for which sidewalks are constructed, and does not extend to a use of the same by

---

[1] For an extensive note on bicycle law, see *Taylor* v. *Traction Co.*, (Pa.) 47 L. R. A. 289.

bicyclists; but the fact that a person injured by reason of a breach of such duty on the part of a municipality was at the time riding a bicycle will not preclude him from recovering his damages.

Case made from St. Clair; Whipple, J. Submitted October 11, 1901. Decided October 22, 1901.

Case by Anna Lee against the city of Port Huron for personal injuries. There was a judgment for plaintiff, and defendant assigns error. Affirmed.

The following are the stipulated facts: Plaintiff was injured while riding on her bicycle upon a sidewalk of the defendant city. The city passed an ordinance licensing bicyclists to ride upon the sidewalks of certain streets under certain restrictions, they first paying a fee and procuring a license therefor. Plaintiff had complied with this ordinance, and was in the exercise of due care when the accident occurred. The sidewalk was defective, and the city had notice of such defect in time to repair it. The stipulated facts do not state what the defect was. The declaration charges that plaintiff, in turning to the right to allow a footman to pass, her bicycle went near the end of a plank which ran crosswise of the walk, and was so rotten and loose that it tipped up, and caused her to fall. The court directed a verdict for the plaintiff, the stipulated amount of damages being $100.

*Lincoln Avery* (*Beach & Benedict*, of counsel), for appellant.

*H. A. Babcock*, for appellee.

GRANT, J. (*after stating the facts*). The statute (section 3441, 1 Comp. Laws) requires sidewalks to be kept in reasonable repair, and in a condition reasonably safe and fit for travel. A failure on the part of a municipality to keep them in such repair entails upon it liability for injuries sustained by the traveler who is in the exercise

of due care. While a bicycle is a vehicle, it is not one to be classed, in all its methods of use, with other vehicles drawn by animal or mechanical power. This distinction is clearly recognized and pointed out in *Murfin* v. *Plank-Road Co.*, 113 Mich. 675 (71 N. W. 1108, 38 L. R. A. 198, 67 Am. St. Rep. 489). To ride a bicycle upon a sidewalk may not be a nuisance, where to drive a horse and wagon upon it would. A baby carriage is a vehicle, but is not a nuisance upon either streets or sidewalks. The riding of a bicycle upon a sidewalk is not an unlawful act at the common law. Counsel for defendant cite *Mercer* v. *Corbin*, 117 Ind. 450 (20 N. E. 132, 3 L. R. A. 221, 10 Am. St. Rep. 76), cited also in 4 Am. & Eng. Enc. Law (2d Ed.), 20, in support of the proposition that it is. The decision does not sustain that contention, but is based upon a statute making it "unlawful for any person to ride or drive upon the sidewalks of any town or village, or upon any similar sidewalk for the use of foot passengers by the side of any public highway, unless in the necessary act of crossing the same."

One riding a bicycle occupies no more space than he would in walking. With proper care and proper warning, there is no danger of collision with foot passengers, or any others lawfully using the sidewalks. The charter of the defendant expressly confers upon the common council the entire control over the streets and sidewalks, and the power "to regulate the use thereof." What would be a nuisance upon a sidewalk continually crowded with foot passengers would not be a nuisance upon a sidewalk where there was little travel. The bicycle has become almost a necessity for the use of workmen, clerks, and others in going to and from their places of work. Where the streets are unpaved, they are oftentimes impassable for the bicycle, and it is entirely proper for municipalities to permit and regulate the use of the sidewalks in such cases. Under the broad power conferred by the charter upon the defendant, it is clothed with the right to permit this use of the sidewalks. Such use is sustained in *Lechner* v. *Vil-*

*lage of Newark*, 44 N. Y. Supp. 556, and *Purple* v. *Inhabitants of Greenfield*, 138 Mass. 1.

It should be borne in mind that in this decision we carry the doctrine no further than was done in *Leslie* v. *City of Grand Rapids*, 120 Mich. 28 (78 N. W. 885), where we held that the measure of duty imposed by the statute upon municipalities included ordinary vehicles, and did not require that the streets should be so constructed and repaired as to include safety to bicycles. It was held sufficient in that case if the highway was in reasonable repair for the passing of ordinary vehicles, though it might be dangerous for bicycles. So, in this case, we must assume that the sidewalk was not in reasonable repair for the ordinary uses for which sidewalks were constructed. There might be a defect in a sidewalk similar to the defect in a street in that case, which would involve no danger to a traveler on foot, but might involve danger to one riding a bicycle over it. If a walk were constructed of planks running lengthwise, the planks might be so far apart as to permit the tire of a wheel to be caught in the openings, and cause the rider to fall, while it would be entirely safe for pedestrians. Or there might be a depression in a cement walk, entirely safe for pedestrians, but unsafe for bicyclists. Such conditions would be controlled by *Leslie* v. *City of Grand Rapids*.

Judgment affirmed.

The other Justices concurred.