JONES *v.* CITY OF DETROIT.

1. EVIDENCE—MEASUREMENT—DIRECTING VERDICT.

In an action for personal injuries caused by an alleged defect in a city street, the court properly directed a verdict for defendant upon the testimony of its city photographer who measured the depression that caused the accident, finding it to be three inches deep, as against the testimony of plaintiff's witnesses who variously estimated it to be from two and one-half to six inches in depth, without taking actual measurements.

2. MUNICIPAL CORPORATIONS—HIGHWAYS AND STREETS—NEGLI-
GENCE.

> The city was not chargeable with negligence for permitting a
> depression to exist in its asphalt pavement three inches deep
> and about the area of a washtub.[1]

Error to Wayne; Murfin, J.  Submitted June 16, 1911.
(Docket No. 76.)   Decided October 1, 1912.

Case by William Jones against the city of Detroit for
personal injuries.  A judgment for defendant upon a ver-
dict directed by the court is reviewed by plaintiff on writ
of error.   Affirmed.

*Chamberlain, May, Denby & Webster,* for appellant.

*Edmund Atkinson* (*P. J. M. Hally,* of counsel), for
appellee.

BIRD, J.  The plaintiff brought this action, under the
statute, against the city of Detroit to recover for personal
injuries incurred by reason of a defective street.   He was
employed by Vinton & Co., building contractors, and at
the time of the accident was riding east on Jefferson ave-
nue in his employer's auto truck, which was being driven
by another employé at the rate of from 8 to 10 miles an
hour.   As they approached the intersection of Jefferson
and Field avenues, they turned off from the street car
track, where they had been driving, to avoid an approach-
ing street car, and in so doing ran one of the forward wheels
into a hole or depression in the asphalt pavement, and the
axle broke, throwing plaintiff to the pavement on his
head and shoulders and injuring him.   The broken axle
was afterwards examined and found to contain an old
break or flaw.   The testimony shows that the pavement
in this vicinity was in rather bad condition, due to holes

---

[1] The authorities on the general question of the liability of a
municipal corporation for defects or obstructions in streets are
collated in an extensive note in 20 L. R. A. (N. S.) 513.

worn in it by the passing traffic. The depression in question was described as saucer-shaped, and as large in area as a washtub. The plaintiff's testimony as to the depth of the depression varied from $2\frac{1}{2}$ to 6 inches. These were simply estimates, however, as none of plaintiff's witnesses measured it. One witness, the city photographer, measured it, and found that its greatest depth was 3 inches.

At the close of the testimony, the trial court found, as a fact, that the hole was only 3 inches in depth, in accordance with the testimony of the city photographer, and directed a verdict for the defendant, on the ground that a hole of that size in the pavement did not make the street out of reasonable repair and unsafe and unfit for travel.

Complaint is made because the trial court found, as a fact, that the whole was only 3 inches in depth, while several of plaintiff's witnesses estimated that it was from $2\frac{1}{2}$ to 6 inches. The city photographer measured its depth, while the other witnesses merely estimated it. The testimony was in a like situation in the case of *Perkins* v. *Township of Delaware*, 113 Mich. 379 (71 N. W. 644), and the court, in passing upon it, said:

" The highway commissioner made a measurement, and testified that at the north end there was an incline to the east of one inch. There is nothing in the record to impeach this actual measurement, and it must stand as true. The practice of permitting juries to base their verdicts upon guesses or estimates of distances or conditions which are susceptible of actual measurement is to be condemned. It is the duty of the plaintiff who seeks to recover damages for negligence to place before the jury the actual conditions when it is within his power to do so."

If this case is to be followed, we think the trial court was justified in finding as he did.

But it is argued by plaintiff that, conceding the greatest depth was only 3 inches, it was still a question of fact, under all the circumstances, whether the street was in reasonable repair; and therefore the case should have been submitted to the jury. The statute is aimed at a condition of reasonable repair, not one of perfect repair.

It is hardly probable that the legislature of 1879, which enacted the law, nor the legislature of 1887, which re-enacted it, had in mind that by so doing it would make municipalities liable for such holes or depressions in the roadways of the State. It is true that a pavement with several of such holes might make it jolty and unpleasant to ride over, but would not render it unsafe, if it were used as a highway is ordinarily used. Depressions of 3 inches in a country road would not render it unsafe, and, if not, why should they make a pavement unsafe? Nearly all highways have more or less rough and uneven places in them, over which it is unpleasant to ride; but because they have, it does not follow that they are unfit and unsafe for travel. The most that can be said for the testimony in this case is that it established the fact that the pavement on that part of Jefferson avenue was rough, and called for more careful driving than did other portions of it. Had plaintiff's driver recognized this, he doubtless would have passed over it in safety, as hundreds of others were doing daily.

We are of the opinion that the trial court was right in holding that the plaintiff had made no case for the application of the statute. See *Leslie* v. *City of Grand Rapids*, 120 Mich. 28 (78 N. W. 885).

The judgment of the trial court is affirmed.

MOORE, C. J., and BROOKE, STONE, and OSTRANDER, JJ., concurred.