CONE *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS — NEGLIGENCE — FIRE DEPARTMENT — HIGHWAYS AND STREETS—EVIDENCE.

In a personal injury case for the death of plaintiff's intestate, who was killed by a fire truck of the city that was overturned by a hole in the pavement, plaintiff's evidence, based on estimates of the depth of the hole by observers who measured it with a pencil or other inaccurate means, was not incompetent, upon testimony showing that it had been repaired within a very few days following the accident, and where there was testimony tending to cast doubt on the accuracy of defendant's proof as to measurements.

2. SAME—STREETS—AUTOMOBILES.

The objection that the portion of the statute placing the obligation on a city or other municipal corporation to repair its streets was enacted before automobiles were in use, and should not be held to apply to vehicles other than those which were in use at the time the statute took effect, is untenable. 1 Comp. Laws 1915, § 4584.

3. SAME—NEGLIGENCE—GOVERNMENTAL FUNCTIONS.

And the municipality was not excused because the negligence was that of employees who were performing governmental functions; the statutory duty to repair the highway being applicable as in any case of injuries to the person of one who was lawfully on the street.

Error to Wayne; Mandell, J. Submitted January 5, 1916. (Docket No. 28.) Decided March 31, 1916.

Case by Elizabeth A. Cone, administratrix of the estate of Moses H. Cone, deceased, against the city of Detroit for the unlawful killing of plaintiff's decedent. Judgment for plaintiff. Defendant brings error. Affirmed.

*William E. Tarsney,* (*Harry J. Dingeman* and *Edmund Atkinson,* of counsel), for appellant.

*Lucking, Helfman, Lucking & Hanlon,* for appellee.

KUHN, J. The plaintiff's husband was killed by a motor fire truck belonging to the city of Detroit. He was standing in the V-shaped entranceway of a store on Jefferson avenue, in Detroit, when the truck, in charge of firemen in the employ of the city, was being driven rapidly along Jefferson avenue to a fire. At the corner of Griswold street, where there is a curve joining the street car tracks intersecting at that point, the truck ran over a hole in the asphalt pavement which was, roughly, 2 or 3 feet long and 10 to 18 inches wide, and adjacent to the curve. The force of the rebound from the drop into the hole threw the truck from its course, over the curb, and across the sidewalk, against the deceased, who died from the injury in a few hours.

The only issue of fact in the case is over the depth of the hole. The evidence of the defendant is actual measurements taken by two witnesses two days later, which showed that the hole was $2\frac{5}{8}$ inches deep at the deepest point. The evidence of the plaintiff is estimates of numerous witnesses, using for the purpose such means as a lead pencil, switch bar, shoes, etc., that the hole was about 6 inches deep at the deepest point. The plaintiff charged on this evidence that the injury was caused by the negligence of the city in not keeping its pavement in a state of repair reasonably safe for use and travel, as it is required to do by statute, and this question was submitted to the jury with the conflicting evidence as to the depth of the hole. A verdict was returned for the plaintiff, and judgment entered.

The statute (section 2462, 2 How. Stat. [2d Ed.]; 1 Comp. Laws 1915, § 4584) upon which liability is predicated reads as follows:

"Any person or persons sustaining bodily injury upon any of the public highways or streets in this State, by reason of neglect to keep such public highways or streets, and all bridges, sidewalks, crosswalks and culverts on the same in reasonable repair, and in condition reasonably safe and fit for travel by the township, village, city or corporation whose corporate authority extends over such public highway, street, bridge, sidewalk, crosswalk or culvert, and whose duty it is to keep the same in reasonable repair, such township, village, city or corporation shall be liable to and shall pay to the person or persons so injured or disabled just damages, to be recovered in an action of trespass on the case before any court of competent jurisdiction."

It will be noted that the plaintiff's decedent was not upon the highway at the time he met his death, but was standing in the doorway of a building abutting thereon. The question of whether liability of the municipality extends to persons who were not upon the highway when injured was not raised in the court below, nor has it been discussed by counsel in their briefs, and therefore will receive no consideration here.

The defendant contends that the court below erred in refusing to direct a verdict in its favor, on the ground that the only proper evidence showed that the hole in the pavement was not of such a depth as to render the street not reasonably safe for travel, because, it is urged, all the testimony of the witnesses for the plaintiff was based on estimates and not actual measurements.

It is strenuously argued by plaintiff's counsel that the testimony of plaintiff's witnesses did amount to actual measurements. Be that as it may, we are of the opinion that the instant case does not come within the rule announced in *Perkins* v. *Township of Delaware*, 113 Mich. 377 (71 N. W. 643) ; *Karrer* v. *City of Detroit*, 142 Mich. 331 (106 N. W. 64) ; and *Jones*

v. *City of Detroit,* 171 Mich. 608 (137 N. W. 513).
In the opinion in the *Perkins Case,* it is said:

"It is the duty of the plaintiff who seeks to recover damages for negligence to place before the jury the actual condition when it is within his power to do so."

In the instant case the accident happened on Saturday afternoon, and the man was killed. Within a few days thereafter, according to the unquestioned testimony in the case (some witnesses saying as early as Monday of the following week), repairs were made and the faulty condition of the highway remedied. We do not think the burden should be placed on a plaintiff such as the widow of this deceased person, to make an attempt to find the actual condition immediately upon the death of her husband, when he still remained unburied, in order to be prepared to show the actual condition. It is true that, if this condition existed for some time, and no effort was made by the plaintiff to ascertain what the actual conditions were, it could be claimed that the rule in the *Perkins Case* should be applied. But, in our opinion, the situation here presented is not within that rule, and the rule should not be enlarged by placing such a burden on a plaintiff under the circumstances disclosed in this record.

It is also argued that the testimony of the city's witnesses as to the actual measurement was impeached by testimony which showed that along the rail next to the hole in the pavement were three rows of brick four inches in depth, and that the bricks in two of these rows had been removed. It was testified to and also appears from photographs which were offered in evidence that the hole was at least the depth of the bricks. And it further appeared from the evidence that the rail was some distance, estimated to be two inches, above the top of the pavement; so that from

the top of the rail to the bottom of the hole it can be claimed that there was a distance of at least six inches. Irrespective of whether it can be claimed that this testimony impeached the testimony of the city's witnesses as to the measurements, in our opinion, as we have intimated, no such reasonable opportunity was had by the plaintiff to make measurements as to bring her within the ruling in the *Perkins Case*. We conclude, therefore, that the court was justified in admitting the testimony of witnesses for the plaintiff who testified as to their estimates of the depth of the hole, and in submitting to the jury the question of whether or not, in fact, the hole was of such a depth as to make the city liable for allowing it to remain unrepaired.

It is also argued by counsel for the city that the statute which imposes the obligation upon the municipality to keep and maintain its highways in a condition reasonably safe and fit for public travel should be construed so as to refer only to ordinary vehicles which were in use at the time of the passage of the statute, which at that time were wagons or carriages drawn by horses, and should not be held to apply to automobiles. It cannot now well be disputed that automobiles and automobile trucks are ordinary vehicles. In fact, they have become so ordinary that it is rather unusual to see vehicles which were in use at the time the statute was passed on the streets of a large city like Detroit. It would be a strange conclusion to say that the municipality should not be bound to keep its highways in condition reasonably fit for travel for vehicles which become from time to time the ordinary vehicles of travel.

In the case of *Leslie* v. *City of Grand Rapids*, 120 Mich. 28 (78 N. W. 885), it was held that the statute did not require municipalities to so construct their streets and repair them as to secure safety to bicycles,

on the theory that the bicycle was not such an ordinary vehicle as was contemplated by the statute. But we do not think that the doctrine should be carried any farther than it was carried in that case, as was said by this court in *Lee* v. *City of Port Huron,* 128 Mich. 533 (87 N. W. 637, 55 L. R. A. 308).

It is also contended by counsel for the municipality, relying upon the case of *Brink* v. *City of Grand Rapids,* 144 Mich. 472 (108 N. W. 430), that a municipality, in the absence of a statute, is not responsible for injuries caused by the negligence of its employees engaged in the so-called governmental function. However, no claim is made by the plaintiff's counsel in this case because of any such negligence, and the only theory upon which they seek to recover is that the highway was defective.

In *Coots* v. *City of Detroit,* 75 Mich. 628 (43 N. W. 17, 5 L. R. A. 315), a fireman, who was the plaintiff, was injured while driving a fire engine to a fire, when the right fore wheel of the engine dropped into a hole in the street. It was held that the statutory duty to keep the street in a condition of repair reasonably safe and fit for travel was a duty which could be invoked in favor of members of the fire department, as well as in favor of the general public. Here the deceased, without any negligence on his part, met his death because the truck struck a hole, because of the defective condition of the street. In our opinion, there cannot be any question that upon this theory the plaintiff was entitled to recover.

We find no error in the record, and judgment must therefore be affirmed.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.