KELLY, J.
{concurring in part and dissenting in part). I concur in the result. I believe that plaintiffs presented sufficient evidence to create genuine issues of material fact concerning whether (1) the deteriorated condition of Monaghan Point Road made the road not reasonably safe for public travel, and (2) the Alpena County Road Commission had actual or constructive notice of that fact at the time of plaintiff Diane Wilson’s accident.
*172 But I differ from the majority in one important respect. The majority asserts that MCL 691.1402(1) creates a singular duty to maintain a highway in reasonable repair “so that it is reasonably safe and convenient for public travel.” It says:
The phrase “so that it is reasonably safe and convenient for public travel” simply refers to the duty to maintain and repair, and states the desired outcome of reasonably repairing and maintaining the highway; it does not establish a second duty to keep the highway “reasonably safe.” [Nawrocki v Macomb Co Rd Comm, 463 Mich 143, 160; 615 NW2d 702 (2000).] [Ante at 167.]
This is inaccurate. As I pointed out in my dissent in Nawrocki, the majority incorrectly reads MCL 691.1402(1). The Legislature expressly provides a legal right to sue to persons who suffer damage or injury because a governmental agency failed to keep its highway “in reasonable repair and in a condition reasonably safe and fit for travel.”[1] The Legislature used the word “and.” The majority removes “and,” replacing it with the clause found in the previous sentence, “so that it is.”
In Nawrocki, the majority read the statute so that the government’s duty was only to maintain the highway in “reasonable repair.” It recognized no second duty to keep the highway “reasonably safe,” disregarding the exact words of the statute. It ignored the fact that the Legislature created two duties, coupling them with the word “and,” allowing a plaintiff who alleged a violation of either to avoid governmental immunity.
*173 In this case, the majority at last recognizes the existence of the second part of the sentence. It realizes that the agency does have a responsibility to keep the road reasonably safe. But it still does not acknowledge that two distinct duties exist.
It cites Jones v Detroit,[2] for the proposition that “a road in bad repair, or with rough pavement, is not per se one that is not reasonably safe.” Ante at 169. The road in Jones was Jefferson Avenue in Detroit nearly 100 years ago. Neither the century nor the road is remotely the same as the time and place involved in the instant case. Hence, I question the value of the majority’s reliance on Jones.
In my opinion, the statute provides a cause of action to an individual who was injured or who suffered property damage because a highway was not maintained in reasonable repair. A person may also recover if the governmental agency controlling the highway failed to keep it in a condition reasonably safe and fit for travel.

 The second sentence of MCL 691.1402(1) states, “A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.” (Emphasis added.)

 171 Mich 608; 137 NW 513 (1912).