**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

FILED APRIL 26, 2006

DIANE WILSON and PAUL WILSON,

Plaintiffs-Appellees,

v                                                                                   No. 126951

ALPENA COUNTY ROAD
COMMISSION,

Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

TAYLOR, C.J.

In this case we are called on to determine under Michigan's governmental immunity scheme what notice of a defect in a road the governmental agency responsible for road maintenance and repair must have before it can be held liable for damage or injury incurred because of the defect. We conclude that MCL 691.1402 and 691.1403 require that the governmental agency be aware that the defect rises to the level that, if not repaired, it unreasonably endangers public travel. Thus, a plaintiff must allege that the governmental agency had actual or constructive notice of a defect in the roadbed that, because of the agency's failure

to reasonably maintain or repair, resulted in the road being not reasonably safe and convenient for public travel. Here, plaintiffs did so plead, but in their motions for summary disposition, both parties raised and briefed only the question whether reasonable repair and maintenance had been done. Neither they nor the trial court recognized that defendant does not just have a duty to "maintain the highway in reasonable repair" but to "maintain the highway in reasonable repair *so that it is reasonably safe and convenient for public travel*." Therefore, we affirm the Court of Appeals decision that reversed the trial court's grant of summary disposition for defendant.

I

On May 31, 1999, plaintiff Diane Wilson[1] was riding her bicycle on Monaghan Point Road. According to her, she had to "snake" her way through the innumerable potholes in the road. She alleged that at some point as she was riding along, she suddenly felt her handlebars drop down and she was thrown over the handlebars onto the road. After this fall, she suffered frequent migraines and blackouts.

Ms. Wilson sued the Alpena County Road Commission, which had jurisdiction over Monaghan Point Road. Her complaint alleged that the road had

---

[1] Suing also is her husband, Paul Wilson. His claim is for loss of consortium, which is a derivative action. Therefore, we refer to Diane Wilson as "plaintiff."

2

potholes in excess of six inches deep that had existed more than 30 days at the time of her accident and that defendant "failed to properly maintain Monaghan Pt. Rd. so as to be safe for vehicular travel." She also argued that the road had for years been in a condition that was dangerous to public safety because it was persistently potholed and rutted and only full resurfacing could make it safe. Because full resurfacing had not been performed, she argued that the road commission had breached its duty under MCL 691.1402[2] to maintain and repair the road and thus was liable for her injuries.[3]

The road commission moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10), asserting that it was immune from suit because, among other reasons, it had no notice of a defective road that could constitute the notice that MCL 691.1403[4] requires before its immunity from suit is lost. In

---

[2] MCL 691.1402(1) requires that "each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel."

[3] Plaintiff correctly framed her claim in terms of a defect resulting from failure to maintain and repair, aware that a claim cannot be brought for defective design. *Hanson v Mecosta Co Rd Comm'rs*, 465 Mich 492, 500; 638 NW2d 396 (2002).

[4] MCL 691.1403 states:

> No governmental agency is liable for injuries or damages caused by defective highways unless the governmental agency knew, or in the exercise of reasonable diligence should have known, of the existence of the defect and had a reasonable time to repair the defect before the injury took place. Knowledge of the defect and time to repair the same shall be conclusively presumed when the defect

(continued…)

3

support of this, it argued that potholes had been repaired by a road crew that "cold patched"[5] the road two weeks before plaintiff's accident and that no complaints were received after the cold patching. Thus, because it lacked notice of any six-inch potholes, that defect could not be used to establish an exception to the road commission's immunity from suit.[6] Plaintiff responded by claiming that even if the road commission had cold patched without subsequent complaints, the deteriorated condition of the road itself should suffice to establish the required notice.

The trial court granted defendant's motion on the basis of its conclusions that resurfacing was outside the scope of defendant's duty, that defendant lacked notice of a defect, and that plaintiff had not sufficiently shown causation. On appeal, the Court of Appeals reversed in a published opinion,[7] concluding that

(…continued)
existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place.

[5] As one of defendant's employees explained in his deposition, cold patching generally involves manually shoveling an asphalt mixture into the hole and allowing it to be compacted by the tires of passing vehicles.

[6] There are two notice provisions in the statute. The notice provision at issue here, MCL 691.1403, requires for a finding of liability that the governmental agency have notice of the defect before the accident occurs. The other notice provision, MCL 691.1404, requires plaintiffs to provide notice of injury as a condition precedent to bringing suit. The defendant has not pursued its claim that the plaintiff failed to comply with MCL 691.1404. Therefore, we decline to address it.

[7] 263 Mich App 141; 687 NW2d 380 (2004).

plaintiff sufficiently pleaded a cause of action, plaintiff's claim was within the exception to governmental immunity, and material questions of fact remained regarding notice and causation.

We granted leave to appeal, 472 Mich 899 (2005), directing the parties to include among the issues briefed "whether the plaintiffs sufficiently pleaded facts and provided evidence sufficient to place their claim within the highway exception to governmental immunity, MCL 691.1402."

II

We review de novo the trial court's grant of summary disposition. *Chandler v Muskegon Co*, 467 Mich 315, 319; 652 NW2d 224 (2002). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). The trial court must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion, *Maiden, supra* at 120, and if the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), (G)(4); *Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996).

Likewise, we review de novo an issue of statutory construction. *Id.* When interpreting statutory language, we are to ascertain the legislative intent that may reasonably be inferred from the words expressed in the statute. *Id.* Statutory exceptions to the immunity of governmental agencies are to be narrowly

construed.  *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 158; 615 NW2d 702 (2000).

III

Two related provisions of the government tort liability act (GTLA) are relevant to our decision today.  MCL 691.1402(1) states in relevant part:

> [E]ach governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.

MCL 691.1403 states:

> No governmental agency is liable for injuries or damages caused by defective highways unless the governmental agency knew, or in the exercise of reasonable diligence should have known, of the existence of the defect and had a reasonable time to repair the defect before the injury took place. Knowledge of the defect and time to repair the same shall be conclusively presumed when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place.

Thus, with regard to the governmental agency having jurisdiction over a highway, the Legislature has waived immunity from liability for bodily injury or property damage if the road has become, through lack of repair or maintenance, not reasonably safe for public travel.  As we explained in *Nawrocki, supra*, MCL 691.1402(1) establishes the duty to maintain the highway in "reasonable repair." The phrase "so that it is reasonably safe and convenient for public travel" simply refers to the duty to maintain and repair, and states the desired outcome of

6

reasonably repairing and maintaining the highway; it does not establish a second duty to keep the highway "reasonably safe." *Nawrocki, supra* at 160. Hence, the Legislature has not waived immunity if the repair is reasonable but the road is nonetheless still not reasonably safe because of some other reason. *Nawrocki, supra*; *Hanson v Mecosta Co Rd Comm'rs*, 465 Mich 492; 638 NW2d 396 (2002).

Viewing the GTLA as a whole, it can also be seen that the converse of this statement is true: that is, the Legislature has not waived immunity where the maintenance is allegedly unreasonable but the road is still reasonably safe for public travel. We note that, pursuant to MCL 691.1403, in order for immunity to be waived, the agency must have had actual or constructive notice of "the defect" before the accident occurred. In determining what constitutes a "defect" under the act, our inquiry is again informed by the "reasonably safe and convenient for public travel" language of MCL 691.1402(1). In other words, an *imperfection* in the roadway will only rise to the level of a compensable "defect" when that imperfection is one which renders the highway not "reasonably safe and convenient for public travel," and the government agency is on notice of that fact.

Thus, while MCL 691.1402(1) only imposes on the governmental agency the duty to "maintain the highway in reasonable repair," in order to successfully allege a violation of that duty, a plaintiff must allege that the governmental agency was on notice that the highway contained a defect rendering it not "reasonably safe and convenient for public travel." The governmental agency does not have a separate duty to eliminate *all* conditions that make the road not reasonably safe;

7

rather, an injury will only be compensable when the injury is caused by an unsafe condition, of which the agency had actual or constructive knowledge, which condition stems from a failure to keep the highway in reasonable repair.[8]

If the agency knows, or should have known, of the existence of the defect or condition that makes the road defective, i.e., not reasonably safe for public travel, it has only a reasonable time to repair it. If it does not do so, it can be held liable for injury or damage caused by that defect. The Legislature has also indicated that knowledge and time enough to repair are conclusively presumed when the defect has been readily apparent to an ordinarily observant person for 30 days or longer before the injury.

It is this element of notice that the road was not reasonably safe for travel that is dispositive here. In this case, neither motion under MCR 2.116(C)(10) made any attempt to argue with supporting evidence the issue whether the road was reasonably safe for public travel and, if it was not, whether defendant had notice of that condition. While all parties concede that there was notice of certain problems—that the road was bumpy and required frequent patching—these problems do not invariably lead to the conclusion that the road was not reasonably safe for public travel. It may be that a road can be so bumpy that it is not

_____

[8] The *Nawrocki* Court was not presented with the issue whether the road was reasonably safe. It decided two issues: whether the governmental agency might owe a duty to a pedestrian pursuant to MCL 691.1402, and whether the duty extends to signage.

8

reasonably safe, but to prove her case plaintiff must present evidence that a reasonable road commission, aware of this particular condition, would have understood it posed an unreasonable threat to safe public travel and would have addressed it. Over 93 years ago, in *Jones v Detroit*, 171 Mich 608; 137 NW 513 (1912), this Court made it clear that a road in bad repair, or with rough pavement, is not per se one that is not reasonably safe. As the Court said:

> Nearly all highways have more or less rough and uneven places in them, over which it is unpleasant to ride; but because they have, it does not follow that they are unfit and unsafe for travel. The most that can be said for the testimony in this case is that it established the fact that the pavement on that part of [the street] was rough, and called for more careful driving than did other portions of it. [*Id.* at 611.]

More recently, in *Scheurman v Dep't of Transportation*, 434 Mich 619, 631; 456 NW2d 66 (1990), this Court stated:

> The purpose of the highway exception is not to place upon the state or the counties an unrealistic duty to ensure that travel upon the highways will always be safe. Looking to the language of the statute, we discern that the true intent of the Legislature is to impose a duty to keep the physical portion of the traveled roadbed *in reasonable repair*. [Emphasis added.]

Accordingly, because neither party showed there was no question of fact regarding the road commission's statutorily required notice of an unsafe condition, both motions for summary disposition should have been denied by the trial court. The Court of Appeals correctly reversed the judgment of the trial court on that issue.

9

IV

To conclude, to defeat governmental immunity based on MCL 691.1402, a plaintiff must establish that the defendant knew or should have known about the defect and had notice that the defect made the road not reasonably safe and convenient for public travel. Plaintiff successfully pleaded in avoidance of immunity, but neither party showed there is no question of material fact on the matter. We agree with the Court of Appeals that plaintiff sufficiently raised a question of material fact on the issue of causation. We therefore affirm the Court of Appeals decision and remand this matter to the trial court for proceedings consistent with this opinion. Defendant is free to bring a second motion making the proper argument and submitting the proper supporting evidence, and plaintiff may attempt to defeat it by putting competent evidence in the record that defendant had notice that the road was not reasonably safe.

Affirmed and remanded to the circuit court.

Clifford W. Taylor
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

10

S T A T E  O F  M I C H I G A N

SUPREME COURT

DIANE WILSON and PAUL WILSON,

     Plaintiffs-Appellees,

v

No. 126951

ALPENA COUNTY ROAD
COMMISSION,

     Defendant-Appellant.

_____

CAVANAGH, J. (*concurring in part and dissenting in part*).

I concur in the majority opinion of this Court. I also concur in Justice Kelly's partial concurrence and partial dissent. I write separately only to note my continuing disagreement with the principles expressed *ante* at pages 6-7. I disagree that governmental immunity exists in instances where design defects or conditions that are outside the actual roadbed make a road unreasonably unsafe for public travel. See *Hanson v Mecosta Co Rd Comm'rs*, 465 Mich 492, 504; 638 NW2d 396 (2002) (Kelly, J., dissenting); *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 188; 615 NW2d 702 (2000) (Kelly, J., dissenting). While these principles are not implicated in the present case, the majority's affirmation of them necessitates this statement.

                                      Michael F. Cavanagh

DIANE WILSON and PAUL WILSON,

    Plaintiffs-Appellees,

v                                                       No. 126951

ALPENA COUNTY ROAD COMMISSION,

    Defendant-Appellant.

_____

KELLY, J. (*concurring in part and dissenting in part*).

I concur in the result. I believe that plaintiffs presented sufficient evidence to create genuine issues of material fact concerning whether (1) the deteriorated condition of Monaghan Point Road made the road not reasonably safe for public travel, and (2) the Alpena County Road Commission had actual or constructive notice of that fact at the time of plaintiff Diane Wilson's accident.

But I differ from the majority in one important respect. The majority asserts that MCL 691.1402(1) creates a singular duty to maintain a highway in reasonable repair "so that it is reasonably safe and convenient for public travel." It says:

> The phrase "so that it is reasonably safe and convenient for public travel" simply refers to the duty to maintain and repair, and states the desired outcome of reasonably repairing and maintaining the highway; it does not establish a second duty to keep the highway "reasonably safe."

[*Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 160; 615 NWd 702 (2000).] [*Ante* at 6-7.]

This is inaccurate. As I pointed out in my dissent in *Nawrocki*, the majority incorrectly reads MCL 691.1402(1). The Legislature expressly provides a legal right to sue to persons who suffer damage or injury because a governmental agency failed to keep its highway "in reasonable repair *and* in a condition reasonably safe and fit for travel."[1] The Legislature used the word "and." The majority removes "and," replacing it with the clause found in the previous sentence, "so that it is."

In *Nawrocki*, the majority read the statute so that the government's duty was only to maintain the highway in "reasonable repair." It recognized no second duty to keep the highway "reasonably safe," disregarding the exact words of the statute. It ignored the fact that the Legislature created two duties, coupling them with the word "and," allowing a plaintiff who alleged a violation of either to avoid governmental immunity.

In this case, the majority at last recognizes the existence of the second part of the sentence. It realizes that the agency does have a responsibility to keep the

---

[1] The second sentence of MCL 691.1402(1) states, "A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair *and* in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency." (Emphasis added.)

2

road reasonably safe. But it still does not acknowledge that two distinct duties exist.

It cites *Jones v Detroit*,[2] for the proposition that "a road in bad repair, or with rough pavement, is not per se one that is not reasonably safe." *Ante* at 9. The road in *Jones* was Jefferson Avenue in Detroit nearly 100 years ago. Neither the century nor the road is remotely the same as the time and place involved in the instant case. Hence, I question the value of the majority's reliance on *Jones*.

In my opinion, the statute provides a cause of action to an individual who was injured or who suffered property damage because a highway was not maintained in reasonable repair. A person may also recover if the governmental agency controlling the highway failed to keep it in a condition reasonably safe and fit for travel.

Marilyn Kelly

---

[2] 171 Mich 608; 137 NW 513 (1912).