# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 21, 2011

142106

ARTHUR WHITMORE and ELAINE
WHITMORE,
         Plaintiffs-Appellees,

v

CHARLEVOIX COUNTY ROAD
COMMISSION,
         Defendant-Appellant.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 142106
COA: 289672
Charlevoix CC: 08-014922-NO

On December 7, 2011, the Court heard oral argument on the application for leave to appeal the October 7, 2010 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(H)(1). In lieu of granting leave to appeal we AFFIRM the judgment of the Court of Appeals in part.

The Court of Appeals did not err in affirming the trial court's denial of defendant's motion for summary disposition, MCR 2.116(C)(7). In reviewing a motion for summary disposition brought under MCR 2.116(C)(7), a court must accept "[t]he contents of the complaint . . . as true unless contradicted by documentation submitted by the movant." *Maiden v Rozwood*, 461 Mich 109, 119 (1999), citing *Patterson v Kleiman*, 447 Mich 429, 434 n 6 (1994). While "a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material," a party "may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence," as long as "the substance or content of the supporting proofs [is] admissible in evidence." *Id.*

MCL 691.1403 requires a governmental agency to have either actual or constructive knowledge of the "particular condition [that] posed an unreasonable threat to safe public travel . . . ." *Wilson v Alpena Co Rd Comm*, 474 Mich 161, 169 (2006). Constructive notice is conclusively established when "the defect has been readily apparent to an ordinarily observant person for 30 days or longer before the injury." MCL

691.1403. Plaintiffs pled that the alleged defect causing their injuries existed for 30 days or longer before the injuries. Accordingly, defendant is not entitled to summary disposition on this basis.

We clarify that plaintiffs did not properly plead *actual* knowledge of the *particular* defect that caused their injuries because they only allege that defendant knew of general problems with the highway that required frequent patching and that defendant scheduled reconstruction of the highway. *Wilson*, 474 Mich at 169. The Court of Appeals erred to the extent that its rationale is inconsistent with *Wilson*.

The Court of Appeals correctly determined that defendant is not entitled to summary disposition for failure to comply with MCL 691.1404(1). MCL 691.1404(1) requires an injured person to serve, within 120 days, notice on the governmental agency that "specif[ies] the exact location and nature of the defect." Defendant is not entitled to summary disposition under MCR 2.116(C)(7) because it did not challenge below plaintiffs' assertion that they accompanied their § 1404(1) notice with a police report that specified additional details required by § 1404(1).

We REVERSE in part the judgment of the Court of Appeals regarding defendant's motion to strike portions of plaintiffs' allegations relating to defendant's alleged failure to warn, for the reasons stated in Judge BANDSTRA's partial dissent. Plaintiffs' only theory of recovery is based on defendant's duty to maintain the highway "in reasonable repair so that it is reasonably safe and convenient for public travel," pursuant to MCL 691.1402. Plaintiffs' alleged failure to warn claims are barred under § 1402 pursuant to this Court's decision in *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143 (2000), as Judge BANDSTRA's partial dissent properly recognized.

We REMAND this case to the Charlevoix Circuit Court for further proceedings consistent with this order.

We do not retain jurisdiction.

CAVANAGH, MARILYN KELLY, and HATHAWAY, JJ., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 21, 2011

_Corbin R. Davis_
Clerk

t1214