# STATE OF MICHIGAN

# COURT OF APPEALS

BARBARA A. KOZAK and KEVIN J. KOZAK,

      Plaintiffs-Appellants,

v

CITY OF LINCOLN PARK,

      Defendant-Appellee.

UNPUBLISHED
July 21, 2015

No. 319797
Wayne Circuit Court
LC No. 12-010845-NO

Before: BECKERING, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Plaintiffs appeal the trial court's order that granted defendant's motion for summary disposition. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

While house-shopping in Lincoln Park, plaintiff Barbara Kozak tripped and fell in the middle of the street, allegedly because of a three-inch difference in elevation between two slabs of pavement. She claims to have suffered unspecified injuries and persistent pain from the fall.

In August 2012, after filing the requisite notice with the city pursuant to MCL 691.1404, plaintiffs[1] brought suit against Lincoln Park in the Wayne Circuit Court. They argued that the city failed to maintain the road on which Barbara fell "in reasonable repair and in a condition . . . . reasonably safe and fit for travel," as required under MCL 691.1402.[2] To substantiate their

---

[1] Barbara's husband, Kevin, also alleged loss of consortium for the "additional tasks, expenses, and damages to the normal husband-wife relationship" that they said were caused by Barbara's fall. Plaintiffs have dropped this claim on appeal, however, and the remaining claims relate solely to Barbara's injuries.

[2] Plaintiffs, with no legal support, also argued that the two-inch elevation differential applicable in suits related to sidewalk maintenance pursuant to MCL 691.1402a, ought to create the presumption that a highway is unsafe for public travel under MCL 691.1402. They do not make this argument on appeal, beyond cursory reference to the issue in their reply brief. The issue is accordingly abandoned and we need not address it. "It is not enough for an appellant in his brief

claim, plaintiffs submitted photographs of the road where Barbara fell, showing the three-inch drop in elevation, and deposition testimony of a local resident that recounted her memory of the city's maintenance actions on the road.

Lincoln Park moved for summary disposition under MCR 2.116(C)(7) and (C)(10). It said that the Governmental Immunity Act (GTLA), MCL 691.1401 *et seq.* precluded plaintiffs' suit, because plaintiffs presented no evidence that the city failed to maintain the road in a reasonably safe condition. To support its contentions, the city submitted an affidavit from its director of public services, who is responsible for road maintenance in Lincoln Park. He stated that the condition of which plaintiffs complained (the difference in elevation between the two slabs of pavement) did not render the highway either unsafe or inconvenient for public travel, and that, in fact, the road was reasonably safe and convenient for public travel.

The city also noted that, apart from plaintiffs' complaint, it had received no complaints or notice of injuries regarding the road from anyone in the area. Because plaintiffs only submitted (1) photographs showing the road where Mrs. Kozak fell, and (2) the deposition of a local resident that did not speak to the safety of the road at issue, Lincoln Park said that plaintiffs failed to effectively contest the director of public service's affidavit that the road was safe for public travel.

After a hearing on the city's motion, the trial court voiced agreement with Lincoln Park's argument, and granted its motion for summary disposition under MCR 2.116(C)(7) and (C)(10). On appeal, plaintiffs claim that the trial court erred in its decision, and make the same arguments as they did at the motion hearing.

## II. STANDARD OF REVIEW

A trial court's grant or denial of a motion for summary disposition is reviewed de novo, as is "[t]he applicability of governmental immunity and the statutory exceptions to immunity." *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). "When it grants a motion under MCR 2.116(C)(7), a trial court should examine all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *McLain v Lansing Fire Dept*, ___ Mich App ___; ___ NW2d ___, 2015 WL 918757. "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions,

---

to simply announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

In any event, plaintiffs' argument is unavailing. Had the Legislature wished to incorporate the standards of MCL 691.1402a in those of MCL 691.1402, it would have done so, and yet, it did not. "Generally, when language is included in one section of a statute but omitted from another section, it is presumed that the drafters acted intentionally and purportedly in their inclusion or exclusion." *People v Peltola*, 489 Mich 174, 185; 803 NW2d 140 (2011).

admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

### III. ANALYSIS

The GTLA grants a general immunity from tort suit to governmental agencies[3] that are "engaged in the exercise or discharge of a governmental function."[4] MCL 691.1407(1). Other sections of the GTLA create exceptions to this general immunity, in certain limited and enumerated circumstances. *Genesee Co Drain Comm'r v Genesee Co*, ___ Mich App ___; ___ NW2d ___, 2015 WL 918752. The immunity "conferred upon governmental agencies" by the GTLA is "*broad*, and the statutory exceptions thereto are to be *narrowly* construed." *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 158; 615 NW2d 702 (2000) (emphasis original).

One such statutory exception to governmental immunity is found at MCL 691.1402(1), which mandates that:

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is *reasonably safe and convenient* for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction *in reasonable repair and in a condition reasonably safe and fit for travel* may recover the damages suffered by him or her from the governmental agency. [MCL 691.1402(1) (emphasis added).[5]]

However, MCL 691.1403 explicitly limits MCL 691.1402(1)'s exception to the GTLA's general immunity provisions:

> No governmental agency is liable for injuries or damages *caused by defective highways* unless the governmental agency knew, or in the exercise of reasonable diligence should have known, of the *existence of the defect* and had a reasonable time to repair the defect before the injury took place. Knowledge of the defect and time to repair the same shall be conclusively presumed when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place. [MCL 691.1403 (emphasis added).]

---

[3] The GTLA defines "governmental agency" as "this state or a political subdivision." MCL 691.1401(a). A "political subdivision" includes a "municipal corporation." MCL 691.1401(e).

[4] "Governmental function" means "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MCL 691.1401(b).

[5] The definition of "highway" includes "a public highway, road, or street that is open for public travel." MCL 691.1401(e). The term "public travel" encompasses not only vehicular traffic but also pedestrian use. *Nawrocki*, 463 Mich at 172.

Accordingly, for a plaintiff to abrogate governmental immunity under MCL 691.1402(1), he must: (1) sustain "bodily injury or damage to his or her property" from a "defect" in a public highway; and (2) provide notice of that "defect" to the governmental agency.[6] *Wilson v Alpena Co Rd Comm*, 474 Mich 161, 168; 713 NW2d 717 (2006). Needless to say, if the highway of which a plaintiff complains is not actually "defective"—i.e., if the highway *is* "reasonably safe and convenient for public travel"—plaintiff's claim will fail. *Id*. In other words, a "defect" in a road is not a mere "imperfection" in the road; rather a "defect" must make the road "not reasonably safe and convenient for public travel." *Id*. As such, a road that is "rough" or "uneven" is not necessarily "defective," especially when other drivers or pedestrians are able to safely travel on the road with careful driving or walking. *Jones v Detroit*, 171 Mich 608, 611; 137 NW 513 (1912).

Here, plaintiff allegedly suffered injury when she tripped and fell on a public street in Lincoln Park. She provided notice to the city of her injury pursuant to MCL 691.1404, and then brought suit to receive compensation. However, as the trial court correctly noted, plaintiff's claim has a dispositive flaw: she has failed to show that the uneven pavement of which she complains is actually "defective" and unsafe.

As noted, at the motion hearing, the city submitted an affidavit from its director of public services, which stated that the road on which plaintiff suffered injury *is* reasonably safe and convenient for public travel. The city also explained that it had never received any other complaints regarding the road's safety from drivers or pedestrians. Plaintiffs submitted nothing to refute this testimony. Instead, they submitted photographs of the road where Barbara allegedly fell, and the deposition of a city resident that recounted the resident's memory of the city's maintenance actions on the road. While these proofs might demonstrate that the road has "imperfections"—"rough pavement," uneven surfaces, potholes, and the like—it does not show that the road is not "reasonably safe and convenient for public travel," which is what a plaintiff is required to show under MCL 691.1402(1) to abrogate governmental immunity and proceed with a tort claim against a governmental agency. *Wilson*, 474 Mich at 169; and *Jones*, 171 Mich at 611.

Because plaintiffs did not provide evidence to counter the city's assertions that the road is "reasonably safe and convenient for public travel," they may not abrogate governmental immunity under MCL 691.1402(1) and their claim must be rejected. Accordingly, the trial court correctly granted summary disposition to the city of Lincoln Park.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Henry William Saad

---

[6] The requirements for the type of notice that must be provided to the relevant governmental agency are found at MCL 691.1404.