# STATE OF MICHIGAN

# COURT OF APPEALS

DOROTHY JOYCE PARNELL,

Plaintiff-Appellee,

v

CITY OF DETROIT,

Defendant-Appellant.

UNPUBLISHED
July 18, 2017

No. 332330
Wayne Circuit Court
LC No. 15-015107-NO

Before: GADOLA, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right an order denying its motion for summary disposition in this trip-and-fall action. We reverse.

Defendant argues that the trial court erred in denying its motion for summary disposition because plaintiff served a defective notice of her claim, see MCL 691.1404(1), and because defendant was, at any rate, governmentally immune.

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). If a claim is barred because of "immunity granted by law," summary disposition is appropriate pursuant to MCR 2.116(C)(7). When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. *Dextrom v Wexford County*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Id*. at 429 (citations omitted).

Governmental agencies are immune from tort liability when they are "engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). There is a "highway exception," however:

Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to

his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. . . . Except as provided in section 2a, the duty of a governmental agency to repair and maintain highways, and the liability for that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, trailways, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel. . . . [MCL 691.1402(1).][1]

The highway exception to governmental immunity applies to injuries sustained by pedestrians. *Kozak v City of Lincoln Park*, 499 Mich 465, 467; 885 NW2d 443 (2016). Governmental agencies must "protect pedestrians from dangerous or defective conditions in the improved portion of the highway designed for vehicular travel, even when injury does not arise as a result of a vehicular accident." *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 162; 615 NW2d 702 (2000). If a pedestrian sustains an injury proximately caused by the failure of a governmental agency to repair and maintain the improved portion of the highway designed for vehicular travel, he or she may recover damages. *Id*. at 162-163. Moreover, pedestrians who sustain injuries while on crosswalks that are within the "improved portion of the highway designed for vehicular travel" may raise a claim under the highway exception because "crosswalks" is modified by "outside the improved portion of the highway designed for vehicular travel" in the statute. *Sebring v City of Berkley*, 247 Mich App 666, 673-681; 637 NW2d 552 (2001).

A mere imperfection in a roadway does not constitute a defect unless it does, in fact, render the highway "not reasonably safe and convenient for public travel." *Wilson v Alpena Co Rd Comm*, 474 Mich 161, 168; 713 NW2d 717 (2006). "[A] road in bad repair, or with rough payment, is not per se one that is not reasonably safe." *Id*. at 169.

Here, plaintiff tripped over a metal plate that was in the crosswalk, which was inside the "improved portion of [a] highway designed for vehicular travel . . . ." MCL 691.1402(1). Thus, defendant had a duty to maintain the highway, including the crosswalk, "in reasonable repair so that it [was] reasonably safe and convenient for public travel." *Id*. The record contains photographs of the metal plate in question. It is a type of plate that is commonly used during repairs, and in placing the metal plate in the street, defendant was, in fact, keeping the crosswalk in reasonable repair and safe for pedestrian travel. Such metal plates are typically used to cover potholes or other defects in a roadway to provide safety for vehicles and pedestrians. Although the trial court focused on whether plaintiff had established proper notice of the claim to defendant, summary disposition in favor of defendant was appropriate as a matter of law because the photographs demonstrate that the alleged defect, the metal plate in the crosswalk, simply did

---

[1] "Section 2a" refers to MCL 691.1402a, which provides, in part, that municipal corporations must maintain sidewalks that are adjacent to a municipal, county, or state highway in reasonable repair.

not rise to a level that rendered the highway unreasonably safe and inconvenient for public travel, and thus defendant was governmentally immune from suit.[2]  In light of this conclusion, we need not even reach the issue of notice.

Reversed and remanded for entry of summary disposition in favor of defendant.  We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood

---

[2] We note that further discovery would not alter this conclusion.  We also note an analogy to *Milzarski v Grand Rapids*, unpublished opinion per curiam of the Court of Appeals, issued March 15, 2016 (Docket No. 324950), in which this Court found that a raised manhole cover in a crosswalk was not an actionable defect.  We acknowledge that unpublished opinions are not binding, and we in fact do not need to rely on *Milzarski* in resolving this appeal, but nevertheless, it boosts our conclusion.  See *Paris Meadows LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010) (unpublished opinions can be considered instructive).