*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KIMBERLEY GILEWSKI and ERIC GILEWSKI,

Plaintiffs-Appellees,

v

CITY OF DETROIT,

Defendant-Appellant,

and

WAYNE COUNTY,

Defendant.

UNPUBLISHED
July 2, 2020

No. 347313
Wayne Circuit Court
LC No. 17-005154-NI

Before: MURRAY, C.J., and JANSEN and MARKEY, JJ.

MURRAY, C.J., (*concurring*).

I concur in the conclusion that plaintiffs created a question of fact on whether the City had constructive notice under the highway exception to the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq.*, and in particular, MCL 691.1403. This conclusion is compelled by *Peters v State*, 400 Mich 50, 63; 252 NW2d 799 (1977), where the Court stated that "[i]f the design itself is not defective but the construction was defective in not following the design, the State could likewise be held to have notice. In that case it would be possible to conclude that the State ought, in the exercise of reasonable diligence, to know of deviations in the construction of highway systems from the design plans." But the continued viability of *Peters* is debatable. There is no doubt that *Peters* has not been reversed, but the Court has rejected dicta within *Peters* regarding the scope of the duty to maintain a highway under MCL 691.1403. *Hanson v Bd of Co Rd Comm'rs of Mecosta*, 465 Mich 492, 501 n 7; 638 NW2d 396 (2002) ("We disagree with dicta in cases such as . . . [*Peters*] that the duty to maintain a road in a reasonably safe condition includes the duty to correct defects arising from the original design or construction of highways."). Importantly, the conclusion on constructive notice was related to that outdated view on the scope of duty under the highway exception.

*Peters* also seems to be inconsistent with the specific language of MCL 691.1403, as that notice requirement focuses upon the defect that caused the injury, not some speculative possibility that not complying with a contractual term may then lead to a defect that causes an injury. In other words, under these circumstances the statute focuses on whether the City should have known that the cold patch would sink subsequent to the repairs being done in violation of the contract, requiring some evidence that settling below the roadbed had previously occurred when all the contractual fill-in procedures had not been followed, or that the cold patch was below the roadbed surface at the completion of the temporary repairs, or some other similar evidence. See *Wilson v Alpena Co Rd Comm*, 474 Mich 161, 168; 713 NW2d 717 (2006), where the Court held that under MCL 691.1403, a municipality "must have had actual or constructive notice of 'the defect' before the accident occurred," and that a "defect" under MCL 691.1403, is an "imperfection . . . which renders the highway not 'reasonably safe and convenient for public travel.' "

However, because a good faith application of *Peters* is required, I concur in the majority opinion to affirm.

/s/ Christopher M. Murray