*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANTHONY DAVIS,

        Plaintiff-Appellant,

v

CITY OF KALAMAZOO,

        Defendant-Appellee.

UNPUBLISHED
May 6, 2021

No. 354220
Kalamazoo Circuit Court
LC No. 2019-000441-NO

Before: SHAPIRO, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant's motion for summary disposition under MCR 2.116(C)(7), dismissing plaintiff's case brought under the highway exception to governmental immunity, MCL 691.1402(1), on the ground that the evidence was insufficient to establish that defendant had actual or constructive notice of the pothole plaintiff struck before his accident. We affirm.

On June 29, 2019, at about 11:15 pm, plaintiff was driving his motorcycle eastbound on East Kilgore Road near the intersection of Portage Street in Kalamazoo and, when he changed lanes, he allegedly struck a pothole which caused him to crash and sustain injuries. He brought this action, alleging that there were a group of potholes on East Kilgore Road that had existed for more than 30 days and defendant had actual or constructive knowledge about this dangerous condition. Therefore, defendant breached its statutory duty to maintain this roadway in a condition reasonably safe and convenient for public travel which resulted in plaintiff sustaining injuries.

Defendant moved for summary disposition under MCR 2.116(C)(7) and (10), arguing in relevant part[1] that it was not liable under MCL 691.1402(1) because the road was maintained in reasonable repair and was reasonably safe for public travel. In fact, plaintiff testified that he was following his friend who was also on a motorcycle and his friend had no problem navigating on this roadway. A roadway that is uneven or rough is not necessarily unsafe for public travel.

---

[1] Defendant also argued that plaintiff's wrongful conduct barred his claim but the trial court did not address that argument.

Further, defendant did not have actual or constructive knowledge of the alleged pothole plaintiff alleges he struck. There was no evidence demonstrating that defendant had actual notice of this pothole or that it had existed for at least 30 days prior to his accident. While complaints had been received over the years regarding some conditions on Kilgore Road, none of those complaints reference the pothole at issue. In fact, defendant's Public Service Director and City Engineer, James Baker, testified that he could tell from the photographs that this pothole had been patched at some previous time. Defendant argued that there were no complaints that the patching had broken down or that a new pothole had existed for at least 30 days before plaintiff's accident. Therefore, plaintiff's case was barred by governmental immunity. In support of its motion defendant attached several exhibits, including some routine road maintenance records and excerpts from Baker's deposition.

Plaintiff opposed defendant's motion, arguing that the roadway at issue had numerous potholes which resulted in several complaints to defendant over the preceding years. Some of those potholes had clearly been patched at some point but the patching broke down over time. The pothole at issue here was located along the joints between two concrete slabs and defendant's Public Service Director, Baker, testified that distress and failure along the joint lines occurs quite often. Plaintiff relied on photographs of the pothole to characterize it as large, long, and deep. The pothole was not in the middle of the lane of travel; rather, it was on the line between lanes and would be confronted when one changed lanes. Plaintiff further argued that defendant's own evaluation of this roadway in 2018 resulted in a rating of "poor" condition under the guidelines of the Pavement Surface Evaluation and Rating (PASER) system, a rating system defendant employed in evaluating its roadways. Accordingly, plaintiff argued, a genuine issue of material fact existed as to whether the roadway was in reasonable repair and in a condition reasonably safe and fit for public travel.

Further, plaintiff argued, defendant knew or should have known about the pothole at issue because it existed for more than 30 days. In fact, defendant had knowledge of the pothole and poor condition of the roadway since 2015. As Baker admitted, this pothole had previously been patched.[2] By the time plaintiff struck it, plaintiff argued, the pothole had needed additional repair or patching. A jury could infer from the photographs of the pothole that it had existed for more than 30 days, including because there was debris around the pothole and grass was growing out of it. Further, there had been citizen complaints about the condition of East Kilgore Road for years. Defendant's own evaluation of the road in 2018 resulted in a determination that the road needed extensive repair. Therefore, a jury could conclude that more than 30 days before plaintiff's accident defendant had both actual and constructive knowledge that the specific pothole existed and required repair. Accordingly, plaintiff requested that the trial court deny defendant's motion for summary disposition.

At a hearing on defendant's motion, the parties argued consistently with their briefs. Defendant added to its argument that plaintiff's reliance on the PASER rating was misplaced because that system of evaluation is subjective, refers to maintenance, and does not designate the

---

[2] Plaintiff refers to excerpts of Baker's deposition testimony—specifically pages 24 through 31— that were not attached to his response to defendant's motion for summary disposition and could not be found in the lower court record.

reasonable safety of a roadway for public travel. Moreover, there was evidence that since that 2018 rating the roadway had been maintained and improved, including by the patching of potholes. Further, the fact that grass was in the pothole was not probative of how long this pothole existed or of when the patching broke down and did not mean that it existed more than 30 days. The trial court noted that potholes are a common occurrence in Michigan because of the freeze-and-thaw cycle and the pothole at issue here was not in the actual lane of travel; rather, it was on the line between travel lanes. The court then concluded that there was no "evidence that would establish knowledge on the part of the defendant of this particular defect" and, therefore, no indication of negligence by defendant in maintaining this roadway so that it was reasonably safe for public travel. Accordingly, defendant was entitled to immunity and its motion for summary disposition under MCR 2.116(C)(7) was granted. This appeal followed.

Plaintiff argues that the trial court's decision must be reversed because genuine issues of material fact exist on the issues whether the roadway was reasonably safe for public travel and whether defendant had the requisite notice of the defective condition. We disagree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Grimes v Mich Dep't of Transp*, 475 Mich 72, 76; 715 NW2d 275 (2006). Summary disposition is proper under MCR 2.116(C)(7) when a claim is barred by immunity granted by law. *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001). In reviewing a motion brought under MCR 2.116(C)(7), the trial court must accept the allegations set forth in the plaintiff's complaint as true unless contradicted by admissible documentary evidence submitted by the defendant in support of its motion. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). Any documentary evidence submitted by the parties must be viewed in the light most favorable to the nonmoving party. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). A relevant factual dispute precludes summary disposition. *Id*. But "[i]f no facts are in dispute, or if reasonable minds could not differ regarding the legal effect of the facts, the question whether the claim is barred by governmental immunity is an issue of law." *Pierce v City of Lansing*, 265 Mich App 174, 177; 694 NW2d 65 (2005).

The highway exception to governmental immunity, MCL 691.1402(1), provides:

[E]ach governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. [MCL 691.1402(1).]

MCL 691.1403, however, sets forth the notice requirement for bringing a claim under the highway exception:

No governmental agency is liable for injuries or damages caused by defective highways unless the governmental agency knew, or in the exercise of reasonable diligence should have known, of the existence of the defect and had a reasonable time to repair the defect before the injury took place. Knowledge of the defect and time to repair the same shall be conclusively presumed when the defect existed so

as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place. [MCL 691.1403.]

As our Supreme Court explained in *Wilson v Alpena Co Rd Comm*, 474 Mich 161, 167; 713 NW2d 717 (2006), a governmental agency having jurisdiction over a highway has a duty to maintain the highway in reasonable repair and will only be liable for damages "if the road has become, through lack of repair or maintenance, not reasonably safe for public travel." That imperfections exist in the roadway does not necessarily mean that the road is not reasonably safe; rather, such imperfections must pose an unreasonable threat to safe public travel. *Id*. at 168. And the governmental agency must have had actual or constructive notice of the specific unsafe condition before the accident. *Id*. at 168-169. "In other words, an *imperfection* in the roadway will only rise to the level of a compensable 'defect' when that imperfection is one which renders the highway not 'reasonably safe and convenient for public travel,' and the government agency is on notice of that fact." *Id*. at 168. The government agency will be presumed to have knowledge of the condition that makes the road defective—not reasonably safe for public travel—if the "the defect has been readily apparent to an ordinarily observant person for 30 days or longer before the injury." *Id*. at 169.

In this case, the trial court appears to have concluded that, even if the pothole that allegedly caused plaintiff to crash his motorcycle constituted a compensable defect, plaintiff failed to establish a genuine issue of fact existed on the issue whether defendant had actual or constructive notice of this unsafe condition. In other words, the trial court assumed for purposes of defendant's motion that the roadway was not reasonably safe for public travel. Thus, plaintiff's arguments on appeal that the roadway was not in reasonable repair are misplaced.

In its motion for summary disposition, defendant argued that the highway exception to its governmental immunity did not apply because defendant did not have actual knowledge of the pothole plaintiff claimed he struck and there was no evidence that the pothole had existed for 30 days or more before plaintiff's accident so as to charge defendant with constructive knowledge of it. In fact, defendant argued, Public Service Director Baker testified that the photographs showed the pothole had been previously repaired by patching and it was unknown when or if the patching had broken down before plaintiff's accident. Defendant had received no complaints about the pothole before plaintiff's accident. Thus, defendant argued, it was entitled to governmental immunity and plaintiff's action was barred. Defendant submitted documentary evidence in support of its motion to refute the allegation in plaintiff's complaint that defendant had actual or constructive notice of the pothole that caused his crash and injuries.

In opposing defendant's motion for summary disposition, plaintiff argued that Baker referred to the pothole that plaintiff struck as a "highway defect," which plaintiff claimed was an "admission" about the roadway. But that is irrelevant semantics. Calling the pothole shown in photographs a "defect" does not tend to refute defendant's claims that the pothole did not pose an unreasonable threat to safe public travel or—more to the point here—that defendant had no knowledge of it *before* plaintiff's accident. Plaintiff also argued that defendant knew about the poor condition of the roadway at issue here since 2015 as evidenced by citizen complaints that were documented. However, the routine maintenance records where these citizen complaints were documented also show the date that each complaint was addressed and remedied with a maintenance activity by defendant. Thus, the records actually tend to show that, once defendant

received a complaint about a roadway "defect," defendant took timely action to remedy the problem. But in any case, none of the records relied upon by plaintiff pertain to the specific pothole plaintiff allegedly struck; rather, these records merely tend to establish general problems with the highway which is insufficient to prove that defendant had actual knowledge about this particular defect. See *Whitmore v Charlevoix Co Rd Comm*, 490 Mich 964, 964-965; 806 NW2d 307 (2011), citing *Wilson*, 474 Mich at 169.

Plaintiff also claimed that defendant had the requisite notice because it had conducted its own evaluation of the road in 2018 and it was rated as "poor" under the PASER rating system. But, again, there was evidence that routine maintenance had been periodically performed on the roadway at issue which included patching after this 2018 evaluation. And in any case, the 2018 evaluation did not lead to an inference that the pothole plaintiff struck existed or was readily apparent to an ordinarily observant person for 30 days or longer before plaintiff's accident on June 29, 2019. Similarly, the photographs of the pothole taken after plaintiff's accident would not permit a jury to reasonably conclude that defendant had either actual or constructive notice of the pothole before plaintiff's accident. Although it appears in the photographs that patching of the pothole had occurred at some time, as Baker admitted, there was no way to determine from the evidence when or if the patching had broken down before plaintiff's accident. In other words, for example, plaintiff did not present eyewitness testimony that the pothole was readily apparent to an ordinarily observant person for 30 days or longer. Plaintiff also did not present expert witness testimony that, because of the specific characteristics of this pothole,[3] it was reasonably likely that the pothole existed for more than 30 days before plaintiff's accident.

In summary, we agree with the trial court that plaintiff failed to present sufficient evidence to refute defendant's claim that no genuine issue of material fact existed that defendant did not have actual or constructive notice of the pothole before plaintiff's accident. Therefore, plaintiff's claim against defendant was barred by governmental immunity because the highway exception did not apply under the circumstances of this case.

Affirmed.


/s/ Mark J. Cavanagh
/s/ James Robert Redford

---

[3] Characteristics like, for example, its location between two concrete slabs and related distresses, the level of disintegration, the debris or lack of debris about the pothole, the type of patching previously used and likely duration of repair considering freeze-thaw cycles, etc. See, e.g., *Cruz v Saginaw*, 370 Mich 476, 478-481; 122 NW2d 670 (1963); *Hampton v Southfield*, unpublished per curiam opinion of the Court of Appeals, issued December 18, 2012 (Docket No. 306322), pp 1-4.