*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NOAH FAIRCHILD,

        Plaintiff-Appellant,

v

CITY OF SOUTHFIELD,

        Defendant-Appellee.

UNPUBLISHED
July 17, 2025
9:51 AM

No. 371041
Oakland Circuit Court
LC No. 2023-200362-NO

Before: GADOLA, C.J., and RICK and YATES, JJ.

PER CURIAM.

Plaintiff, Noah Fairchild, appeals as of right an opinion and order granting summary disposition to defendant, the city of Southfield, under MCR 2.116(C)(7) (immunity granted by law). We affirm.

## I. FACTUAL BACKGROUND

This action arises out of injuries sustained by plaintiff on Evergreen Road in Southfield, Michigan. On September 28, 2021, plaintiff purchased an electric skateboard on Facebook Marketplace. Plaintiff was riding the skateboard northbound on Evergreen Road at approximately 10:30 p.m., using the flashlight from his cell phone to navigate in the dark. The skateboard can be used with a handheld remote, which plaintiff was holding in his other hand. The skateboard's top speed was approximately 26 miles per hour, but plaintiff estimated that he was going 18 miles per hour at the time. In his deposition, plaintiff stated that a car came up behind him and that he "veer[ed] to the left a little bit to let [the car] pass." While moving out of the car's way, plaintiff struck a pothole located "maybe 3 feet from the left-hand turn lane." Plaintiff was thrown from the skateboard and broke his wrist in the fall. He then got up and rode the skateboard home.

Plaintiff filed a complaint in May 2023, alleging that defendant was liable under the highway exception to governmental immunity, MCL 691.1402, for failing to maintain Evergreen

-1-

Road in reasonable repair.[1]  In June 2023, defendant filed an answer and generally denied liability. Defendant also filed a list of affirmative defenses, including that plaintiff's claim was barred because defendant did not have notice of an alleged defect in the road.  Defendant further alleged that plaintiff's own negligence was the sole cause of his injury, noting that plaintiff was illegally operating a motorized vehicle on Evergreen Road when the injury occurred.

Defendant filed a motion for summary disposition in March 2024.  Defendant sought summary disposition under MCR 2.116(C)(7), arguing that it was entitled to statutory immunity under the governmental tort liability act, MCL 691.1401 *et seq*.  Defendant contended that the highway exception to governmental immunity did not apply because the roadway was reasonably safe for public travel.  Defendant stated that the section of Evergreen Road where plaintiff was injured was entirely reconstructed between 2013 and 2016.  Defendant also pointed out that plaintiff was riding his electric skateboard illegally down a dimly lit road at night when he was injured.  Defendant argued that, given the circumstances presented, plaintiff could not show that the condition of the road was unsafe or that it caused him to fall.

Defendant also argued that it lacked actual or constructive notice of the pothole, as required by MCL 691.1403.  Defendant presented evidence that no complaints were made about that section of Evergreen Road or the specific pothole that caused plaintiff's injury.  Defendant also observed that plaintiff presented photographs of the pothole in support of his argument, but noted that the photographs were taken in November 2023, well after plaintiff fell in September 2023.  Defendant contended that plaintiff had no foundation for establishing when the pothole was formed, noting that in his deposition, plaintiff claimed to "ha[ve] a poor memory of that time period."  Defendant also noted that plaintiff failed to produce an expert witness to explain how the pothole formed or any other witnesses who might be able to help support his claim that defendant had notice that the pothole existed in September 2023.  Defendant thus asked the trial court to grant its motion for summary disposition.

Plaintiff filed a response to the motion on March 27, 2024.  Plaintiff argued that defendant had actual and constructive notice of the defect.  Plaintiff pointed out that defendant erroneously relied on MCL 691.1402a, which only applies to sidewalks, rather than MCL 691.1403, which provides the notice period for highway defects.  Plaintiff presented Google Street View images from October 2020, photographs of the road from November 2023,[2] and the deposition testimony of Patrick Ryan, defendant's Director of Public Works.  Plaintiff indicated that in his deposition, Ryan stated that some sort of rubberized sealant had been used to repair the pothole, but that it was his opinion that sealant would not be effective for fixing a hole in concrete.  Based on the evidence, plaintiff argued that defendant had notice and a reasonable time to repair the defect before plaintiff was injured, but failed to do so.  Plaintiff additionally argued that notice is a question of fact that

---

[1] The record does not indicate whether plaintiff filed a separate notice of the defect, per MCL 691.1404.  However, we note that a complaint may serve as proper notice.  *Champine v Dep't of Transp*, 509 Mich 447, 454; 983 NW2d 741 (2022).

[2] The photographs are not dated, but defendant presented proof, in the form of an e-mail exchange with opposing counsel, that they were taken on November 7, 2023.

should be placed before a jury, rather than a question of law for the trial court. Plaintiff therefore asked the court to deny defendant's motion for summary disposition.

In May 2024, the trial court issued an opinion and order granting defendant's motion for summary disposition under MCR 2.116(C)(7). The trial court found that plaintiff failed to establish that the pothole rendered the road an unreasonable threat to public travel, and further failed to prove that defendant had actual or constructive notice of the alleged defect. This appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court erred by granting summary disposition to defendant under MCR 2.116(C)(7) because defendant had constructive notice of the defect[3] and failed to maintain the road in reasonable repair. We disagree.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Dye v Esurance Prop & Cas Ins Co*, 504 Mich 167, 179; 934 NW2d 674 (2019). "Summary disposition under MCR 2.116(C)(7) is appropriate when a claim is barred because of immunity granted by law." *Mays v Snyder*, 323 Mich App 1, 25; 916 NW2d 227 (2018). "When reviewing a motion under MCR 2.116(C)(7), the trial court must accept as true all of the plaintiff's well-pleaded factual allegations and construe them in favor of the plaintiff unless disputed by documentary evidence submitted by the moving party." *Norman v Dep't of Transp*, 338 Mich App 141, 146; 979 NW2d 390 (2021). If, after reviewing the evidence, the court finds that "no material facts are in dispute, or if reasonable minds could not differ regarding the legal effect of the facts, the question whether the claim is barred by governmental immunity is an issue of law" for the court to decide. *Mays*, 323 Mich App at 25.

Plaintiff first argues that defendant had constructive notice of the alleged defect in the road. Under the GTLA, a governmental agency is immune from tort liability when it is "engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). There is no dispute that defendant is a governmental agency under the GTLA, and that maintaining roads is a governmental function. However, "[a] governmental agency can be held liable under the GTLA only if a case falls into one of the enumerated statutory exceptions." *Moraccini v Sterling Hts*, 296 Mich App 387, 391-392; 822 NW2d 799 (2012)(quotation marks and citations omitted). "This Court broadly construes the scope of governmental immunity and narrowly construes its exceptions." *Milot v Dep't of Transp*, 318 Mich App 272, 276; 897 NW2d 248 (2016). Plaintiff's potential liability in this matter is premised on the highway exception to governmental immunity, MCL 691.1402(1), which provides:

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway

---

[3] Although plaintiff argued in the trial court that defendant had actual notice of the defect, plaintiff's argument on appeal pertains solely to constructive notice.

under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. [MCL 691.1402(1).]

MCL 691.1403 sets forth the notice requirement for bringing a claim under the highway exception. It states:

> No governmental agency is liable for injuries or damages caused by defective highways unless the governmental agency knew, or in the exercise of reasonable diligence should have known, of the existence of the defect and had a reasonable time to repair the defect before the injury took place. Knowledge of the defect and time to repair the same shall be conclusively presumed when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place. [MCL 691.1403.]

In other words, a governmental agency that has jurisdiction over a highway has a duty to maintain that highway in reasonable repair and will only be held liable for damages "if the road has become, through lack of repair or maintenance, not reasonably safe for public travel." *Wilson v Alpena Co Rd Comm*, 474 Mich 161, 167; 713 NW2d 717 (2006). It is not enough for imperfections to exist in the surface of a highway; such imperfections must instead pose an unreasonable threat to safe public travel. *Id*. at 168. As noted, the governmental agency must have had actual or constructive notice of the condition *before* the accident occurred. *Id*. at 168-169. A governmental agency is presumed to have knowledge of a defective condition in the road if "the defect has been readily apparent to an ordinarily observant person for 30 days or longer before the injury." *Id*. at 169.

Here, plaintiff has failed to present any evidence to demonstrate that the defect existed for at least 30 days before the injury or that it was readily apparent to an ordinarily observant person. *Id*. The bulk of plaintiff's evidence consists of Google Street View images from October 2020 and photographs taken in November 2023. The October 2020 Google Street View images show that the area where plaintiff fell was covered by what has been described as rubberized sealant, whereas the November 2023 photographs show that the sealant had disintegrated, leaving a long and narrow pothole in the road. The October 2020 photographs were taken years before plaintiff fell, whereas the November 2023 photographs were taken well after plaintiff fell. While plaintiff clearly intends to suggest that the condition of the road deteriorated between October 2020 and November 2023, plaintiff presents no evidence that the condition of the road as presented in the November 2023 photographs reflects the condition of the road 30 days before plaintiff's September 2023 injury. Moreover, plaintiff presents no evidence that defendant knew the road had deteriorated between October 2020 and November 2023, up to 30 days before plaintiff's injury, much less when plaintiff fell in September 2023. Thus, plaintiff's photographic evidence does not adequately indicate that defendant had constructive notice of the defect 30 days before plaintiff's injury occurred.

Aside from the photographs and plaintiff's own description of the incident, plaintiff also presents Ryan's deposition in support of his argument. He claims that, in his deposition, Ryan "confirmed that the broken concrete where [plaintiff] fell had previously been held together by rubberized sealant," suggesting that defendant had constructive notice of a defect in the road.

However, as the trial court observed, plaintiff wholly misinterprets Ryan's testimony. A fair reading of Ryan's deposition indicates only that Ryan was asked whether he thought rubberized sealant could repair a pothole in concrete, to which he responded that applying rubberized sealant to concrete "is not the best method" for repairing potholes in concrete. Ryan's general opinion was simply that rubberized sealant does not work well on concrete. At no point did Ryan testify regarding the specific pothole where defendant fell, nor did he admit that he or defendant knew the pothole existed prior to plaintiff's September 2023 injury. Plaintiff presents no further evidence—such as city records, community complaints, or other pieces of documentary evidence—to support the contention that defendant knew about the defect. Additionally, we note that defendant presented documentation of reported potholes in Southfield dating back to 2006, and none of them pertained to the pothole on Evergreen Road where plaintiff was injured. Plaintiff did not present any documentation in rebuttal. Without such evidence, plaintiff cannot invoke the highway exception to governmental immunity. Accordingly, the trial court did not err by granting summary disposition to defendant under MCR 2.116(C)(7).

Plaintiff additionally argues that questions of fact remain regarding whether the portion of Evergreen Road where he fell was reasonably safe for public travel under MCL 691.1402(1). However, as we have discussed at length, a governmental agency must have actual or constructive notice of a defect that renders the highway not reasonably safe and convenient for public travel before immunity can be waived. See *Wilson*, 474 Mich at 168, quoting MCL 691.1402(1) ("[W]hile MCL 691.1402(1) only imposes on the governmental agency the duty to 'maintain the highway in reasonable repair,' in order to successfully allege a violation of that duty, a plaintiff must allege that the governmental agency was on notice that the highway contained a defect rendering it not 'reasonably safe and convenient for public travel' "). Because plaintiff has not shown that defendant had notice of the defect at issue in this case, he cannot establish that the highway exception to governmental immunity applies. We thus decline to further address, as a separate line of inquiry, whether defendant breached its duty to maintain the road in reasonable repair under MCL 691.1402(1).

Affirmed.

/s/ Michael F. Gadola
/s/ Michelle M. Rick
/s/ Christopher P. Yates